UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re | (Chapter 13) |
| Ricardo & Angelee Delafuente, | Case No. 05-13151 |
| Debtors. | |

MEMORANDUM DECISION

Ricardo and Angelee Delafuente filed a Chapter 13 bankruptcy on April 22, 2005. In their petition, the debtors listed Janesville Water & Wastewater (Janesville) as a creditor. On July 1, 2005, Janesville filed a proof of claim for $183.06 as an unsecured priority claim under 11 U.S.C. §507(a)(8). The proof of claim states that the debt was incurred "up to 4/22/05." On July 20, 2005, the debtors objected to the creditor's claimed priority status. Janesville responded that its claim is due priority because under Wis. Stat. §66.0609 it will transform into a tax claim if not paid.

After a hearing, this matter was taken under advisement to determine whether an unpaid public utility bill, which will transform into a tax claim and eventually into a lien on the debtors' property, is a priority claim in bankruptcy before its transformation. I conclude that it is not.

Janesville admits that the utility bill has not been assessed as a tax. 11 U.S.C. §507(a)(8)(B) grants priority to property taxes assessed before the commencement of the case. It does not grant priority to utility bills.

1

**§ 507. Priorities**

(a) The following expenses and claims have priority in the following order:

...

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

To qualify for priority under Section 507(a)(8)(B) the amount must actually be a "property tax," and the amount must be assessed prior to the commencement of the case. Neither of these criteria have been met.

Janesville refers to Wis. Stat. §66.0809[1] as support for its priority. But little or no support

---

[1]**Wis. Stat. §66.0809. Municipal public utility charges** (emphasis added)
(3) Except as provided in subs. (4) and (5), on October 15 in each year notice shall be given to the owner or occupant of all lots or parcels of real estate to which utility service has been furnished prior to October 1 by a public utility operated by a town, city or village and payment for which is owing and in arrears at the time of giving the notice. The department in charge of the utility shall furnish the treasurer with a list of the lots or parcels of real estate for which utility service charges are in arrears, and the notice shall be given by the treasurer, unless the governing body of the city, village or town authorizes notice to be given directly by the department. The notice shall be in writing and shall state the amount of arrears, including any penalty assessed pursuant to the rules of the utility; that unless the amount is paid by November 1 a penalty of 10% of the amount of arrears will be added; **and that unless the arrears, with any added penalty, are paid by November 15, the arrears and penalty will be levied as a tax against the lot or parcel of real estate to which utility service was furnished and for which payment is delinquent.** The notice may be served by delivery to either the owner or occupant personally, or by letter addressed to the owner or occupant at the post-office address of the lot or parcel of real estate. On November 16 the officer or department issuing the notice shall certify and file with the clerk a list of all lots or parcels of real estate, giving the legal description, for which notice of arrears was given and for which arrears remain unpaid, stating the amount of arrears and penalty. Each delinquent amount, including the penalty, becomes a lien upon the lot or parcel of real estate to which the utility service was furnished and payment for which is delinquent, and the clerk shall insert the delinquent amount and penalty as a tax against the lot or parcel of real estate. All proceedings in relation to the collection of general property taxes and to the return and sale of property for delinquent taxes apply to the tax if it is not paid within the time required by law for payment of taxes upon real estate...

is provided there. Under Wis. Stat. §66.0809, taxes for unpaid utilities are not assessed until November 16 of the year for which payment is owing. In the debtors' situation, that would be November 16, 2005. Since that date has yet to arrive, the tax has yet to be assessed, and there is no basis on which to claim priority. Under Wis. Stat. §66.0809, a property owner or occupant has until November 1 to pay the charges and until November 15 to pay the charges plus a penalty. Only if not paid by that date will the amount owed be assessed as a tax against the debtors' property.

A similar question was considered by the Bankruptcy Court for the Eastern District of Wisconsin in In re U.S. Leather, Inc. 271 B.R. 306 (Bankr. E.D. Wis. 2001). In In re U.S. Leather, Inc. a Chapter 11 debtor in possession sought to use strong-arm powers to avoid a lien on real estate arising from an unpaid water and sewer bill. The court examined whether the lien arose when the charges were incurred, or when the charges were placed on the city's tax roll. The court held that prepetition charges could not become a tax or a lien until November 16 of the year they were incurred. Id. at 312.

At the time the petition was filed in In re U.S. Leather, Inc., the language of the statute, then numbered 66.069, was a little different. It stated:

> [O]n October 15 in each year notice shall be given to the owner or occupant of all lots or parcels of real estate to which utility service has been furnished prior to October 1 by a public utility operated by any town, city or village and payment for which is owing and in arrears at the time of giving such notice. The department in charge of the utility shall furnish the treasurer with a list of all such lots or parcels of real estate, and the notice shall be given by the treasurer, unless the governing body of the city, village or town shall authorize such notice to be given directly by the department. Such notice shall be in writing and shall state the amount of such

3

arrears, including any penalty assessed pursuant to the rules of such utility; that unless the same is paid by November 1 thereafter, a penalty of 10% of the amount of such arrears will be added thereto; and that unless such arrears, with any such added penalty, shall be paid by November 15 **thereafter, the same will be levied as a tax against the lot or parcel of real estate to which utility service was furnished and for which payment is delinquent as above specified**. Such notice may be served by delivery to either such owner or occupant personally, or by letter addressed to such owner or occupant at the post-office address of such lot or parcel of real estate. On November 16 the officer or department issuing the notice shall certify and file with the clerk a list of all lots or parcels of real estate, giving the legal description thereof, to the owners or occupants of which notice of arrears in payment were given as above specified and which arrears still remain unpaid, and stating the amount of such arrears together with the added penalty thereon as herein provided. **Each such delinquent amount, including such penalty, shall thereupon become a lien upon the lot or parcel of real estate to which the utility service was furnished and payment for which is delinquent, and the clerk shall insert the same as a tax against such lot or parcel of real estate.** All proceedings in relation to the collection of general property taxes and to the return and sale of property for delinquent taxes shall apply to said tax if the same is not paid within the time required by law for payment of taxes upon real estate.... " (emphasis added)

The court in In re U.S. Leather, Inc. relied heavily on the language of the statute. In re U.S. Leather, Inc, 271 B.R. at 312. The statue at that time was more specific in stating that taxes and liens on property were not effective until November 16. But, there is nothing to suggest that

the changes in the language, which removed the words "thereafter" and "thereupon," were intended to change the effect of the law.

Janesville argues that In re U.S. Leather does not apply to this case because in In re U.S. Leather, the City of Milwaukee was seeking to have the debt owed to it determined to be a nondischargeable lien on the debtor's property. But, In re U.S. Leather is relevant to the extent that it establishes that taxes are not assessed for nonpayment of water bills until November 16 of the year for which they were incurred. Janesville may be correct that the case is irrelevant because Janesville acknowledges that the debt has not been assessed as a tax. That irrelevance begs the question on what basis Janesville is seeking priority treatment of this debt. No real answer to that question has been advanced.

Upon the forgoing findings and conclusions it may be ordered that the claim of Janesville is not entitled to priority, but may be allowed as a general claim in this case.

Dated this 17th day of October, 2005.

Robert D. Martin
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re                                                                                    (Chapter 13)

Ricardo & Angelee Delafuente,                                        Case No. 05-13151

Debtors.

---

ORDER

---

**IT IS HEREBY ORDERED** that the claim of Janesville Water & Wastewater is denied priority, but is allowed as a general claim.

Dated October 17, 2005

> Robert D. Martin
> United States Bankruptcy Judge